UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AGNES W.,[1]

    Plaintiff,

v.

FRANK J. BISIGNANO,[2]

    Defendant.

Case No. 24-cv-01958-AGT

**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**

Re: Dkt. Nos. 8, 9

    Plaintiff Agnes W. (Plaintiff) moves for reversal and remand of the decision of the Commissioner of Social Security Frank J. Bisignano (Defendant) denying Plaintiff's claim for disability benefits. Dkt. 8. Defendant moves to affirm the administrative law judge's (ALJ) decision. Dkt. 9. For the following reasons, the Court affirms Defendant's decision.

    Plaintiff raises two issues on appeal: (1) whether the ALJ failed to review the medical opinion evidence as required by 20 C.F.R. § 404.1520c; and (2) whether the ALJ's finding as to Plaintiff's credibility is not supported by the record. Dkt. 8.

/ / /

/ / /

---

[1] The plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Frank J. Bisignano is substituted for Martin J. O'Malley pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

### I. The ALJ Correctly Weighed the Medical Evidence.

The ALJ found the prior administrative medical findings of medical consultants Dr. W. Jackson and Dr. K. Vu generally persuasive, and the findings by Plaintiff's providers Dr. Matthew Kale Wedemeyer and Katie Knott, PA-C, not persuasive. AR 27–29. Plaintiff argues that the ALJ erred when finding the opinions of Drs. Jackson and Vu more persuasive than those of Dr. Wedemeyer. Dkt. 8 at 10. Plaintiff points specifically to the lifting restrictions as an issue: Drs. Jackson and Vu opined that Plaintiff could occasionally lift up to twenty pounds, whereas Dr. Wedemeyer found she could only lift five pounds with either hand. *Id.* at 9.

Defendant argues that Plaintiff does not address in her moving papers the ALJ's reasons for finding Dr. Wedemeyer unpersuasive. Dkt. 9 at 6–7. The Court agrees that Plaintiff has failed to show any basis for setting aside the ALJ's assessment of Dr. Wedemeyer's opinions. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (The Ninth Circuit "has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief.") (cleaned up); *see also Brison v. Colvin*, No. 14-CV-00149 2015 WL 2152674, at *5 (E.D. Wash. May 6, 2015) ("The court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument.").

Notwithstanding the above, the Court finds that the ALJ's assessment of Dr. Wedemeyer's opinion is supported by substantial evidence. *See Woods v. Kijakazi*, 32 F. 4th 785, 787–88 (9th Cir. 2022). First, the ALJ reasoned that Dr. Wedemeyer's limitations were not supported by notations regarding improved symptoms, AR 29, citing to notations showing "significant relief," AR 770, and "near total relief" from injections, AR 1329, with "0/10

pain" from her left shoulder and 80% improvement of the right shoulder. AR 1375. This is consistent with the record. *See also* AR 1291 (left shoulder "doing much better" but with limitations on "heavy lifting," and right shoulder limited with "any type of . . . outstretched use").

Second, the ALJ concluded that Dr. Wedemeyer's opinions clashed with physical examination findings, AR 29, which note full range of movement and improved function. *See* AR 728 (takes time, but does have full range of motion in right shoulder and near full range with the left shoulder); AR 1330 (improved range of motion in left shoulder); AR 1344 (full range of movement with guarding and hesitancy from Plaintiff, who otherwise has good strength in her upper extremities).

Third, the ALJ found that Dr. Wedemeyer's limitations were inconsistent with Plaintiff's conservative course of treatment and intact activities of daily living. AR 29. The ALJ did not provide citations in support of this, but upon the Court's review of the full record, this conclusion is supported by the record. *See* AR 1292 (Plaintiff chose to continue with conservative care); AR 1315–20 (conservative care preferred and "[Plaintiff] can use her left arm for ADLs but it does aggravate her symptoms. Her right shoulder is about a 2-3/10 but stiff and fatigues quickly with activities such as washing the dishes."). In sum, the Court finds that substantial evidence supports the ALJ's assessment of Dr. Wedemeyer's opinions.

Plaintiff does not address the ALJ's concerns about Dr. Wedemeyer's opinions, but does argue that the ALJ erred in finding Drs. Jackson and Vu persuasive. Dkt. 8 at 10. Plaintiff only argues that neither Dr. Jackson nor Dr. Vu reviewed the MRI evidence from May 20, 2021, regarding damage to Plaintiff's left shoulder. *Id.* Defendant responds that Drs. Jackson and Vu reviewed all the available evidence, including evidence of complications

regarding Plaintiff's left shoulder. Dkt. 9 at 10.

Dr. Jackson specifically noted reviewing a record from October 14, 2021, which references the May 20, 2021, MRI results. AR 63. Dr. Jackson wrote, "[t]he exam on 10/14/21 indicates that the claimant has FROMs of the right shoulder but does this slowly. She had near FROMs of the left shoulder with some decrease in flexion and abduction. She has some bilateral shoulder tenderness and indicates findings of impingement on the left. MRI apparently showed evidence of a rim tear of the supraspinatus with tendinopathy. She has a past history of an arthroscopic Right RC repair, SAD, DCE and debridement on 10/25/18." AR 63. Dr. Jackson was thus aware of concerns regarding both Plaintiff's left and right shoulders and aware of the May 20, 2021, MRI results. *See also* AR 64 ("The CE exam shows that the claimant has pain in both shoulders with DROMs of the shoulders, Left slightly worse than the Right.").

Similarly, Dr. Vu wrote that, "All MDIs, pain, frequency, severity, duration, BMI, and treatment course have been considered in the LIGHT RFC . . . which accommodates for R FROZEN SHOULDER AND L RC TENDONITIS W/ NECK SPRAIN BUT NO CERVICAL RADICULOPATHY." AR 86. Dr. Vu additionally noted reviewing the same note from October 14, 2021, summarizing an MRI conducted on May 20, 2021, which found tearing and other issues with Plaintiff's left shoulder. AR 93 (Dr. Vu's note) & AR 824–27 (October 14, 2021, note detailing MRI of left shoulder). Plaintiff's assertion that "neither Dr. Jackson nor Dr. Vu reviewed the MRI evidence of the extent of the damage in [Plaintiff's] left shoulder," therefore is without merit and contrary to their opinions in the record.

Plaintiff argues that Drs. Jackson and Vu both wrote of a rim tear on the left shoulder, which is not shown by the MRI on May 20, 2021. Dkt. 10 at 3. In fact, Plaintiff's right

4

shoulder had evidence of a rim tear. *Id.* This point is correct, but in finding Drs. Jackson and Vu's opinions "generally persuasive," the ALJ noted that their opinions were well-explained, supported by objective findings, and consistent with other evidence in the record. AR 27. Plaintiff does not address any of these reasons for finding the opinions generally persuasive, instead she focuses on one error. But given that the ALJ still found evidence of severe impairment in both of Plaintiff's shoulders, it is not persuasive to the Court that this misstatement requires remand. *See* AR 19 (concluding at Step Three that "claimant has the following severe impairments: right shoulder impingement syndrome with rim rent tear of the supraspinatus tendon and supraspinatus tendinopathy; adhesive capsulitis of the right shoulder status post right rotator cuff repair in 2018; and unspecified rotator cuff tear or rupture of left shoulder").[3] In fact, upon review of the record, the Court finds that the ALJ's decision regarding the weight to accord the opinions of Drs. Jackson, Vu, and Wedemeyer is supported by substantial evidence, misstatement aside.

Plaintiff has provided no reason to disregard the ALJ's assessment of Dr. Wedemeyer's opinion, nor has the Court concluded after its own review that the ALJ committed error, and the Court finds the ALJ's assessments of the opinions of Drs. Jackson and Vu to be supported by substantial evidence.

## II. The ALJ's Discounting of Plaintiff's Testimony Is Supported by Substantial Evidence.

Plaintiff argues that her activities of daily living are not inconsistent with her testimony at the hearing and, as such, do not constitute clear and convincing reasons for setting

---

[3] This is especially true given that the ALJ did not repeat the misstatement and instead correctly noted that Plaintiff's right shoulder displayed evidence of a rim tear. *See* AR 19.

aside her testimony. Dkt. 8 at 13. Defendant responds in part that a court must review an ALJ's full explanation for their decision, *see Kaufmann v. Kijakazi*, 32 F. 4th 843, 851 (9th Cir. 2022), and that, even if the ALJ erred when citing Plaintiff's daily activities to set aside her testimony, the ALJ provided other, valid reasons to set aside Plaintiff's testimony. Dkt. 9 at 3, 5–6.

The ALJ first cited inconsistency with the medical evidence as a reason to set aside Plaintiff's testimony. AR 24. Specifically, the ALJ found some significant exertional, postural, and manipulative limitations were supported by the medical record, which did show severe impairments, but not to the degree alleged by Plaintiff in her testimony. AR 23–26.

For example, Plaintiff testified that her right shoulder is frozen, completely stiff, that she can only lift the right arm to "up to [her] shoulder — above the shoulder," and that she "can't even lift it up." AR 46–47. Regarding her left shoulder, Plaintiff testified that she has "no movement," it needs to stay on her body, she can only lift it with pain and cannot extend "in any way from the armpit." *Id.*

The ALJ cited to evidence showing improvements in mobility. AR 24–25. In October 2021, Plaintiff had full range of motion with the right shoulder if given time and near full range with the left shoulder, again with time. AR 728. In May 2022, she had "improved range of motion in her left shoulder," albeit with guarding and spasms, and reported "near total resolution" of left shoulder pain after a steroid injection. AR 1329–30. In October 2022, Plaintiff again displayed full range of motion on her left shoulder with guarding and hesitation with "otherwise . . . strength in her bilateral upper extremities." AR 1344. *See also* AR 1355 (limited range of motion in right shoulder as a result of cold weather and left as a result of discomfort); AR 1370 (denied pain in left shoulder and displayed mild limited range in

right shoulder but 80% improved). Based on these findings, the ALJ concluded that the records support findings of severe shoulder impairments, but do not support the degree of limitations alleged. This was a reasonable finding. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (upholding an ALJ's discounting of complaints because there were "several contradictions between claimant's testimony and the relevant medical evidence").

The ALJ next cited to improvements using conservative treatment modalities since the alleged onset date. *See* AR 25 (ALJ's decision); 728 (noting mild benefits from oral anti-inflammatories, massage therapies, and cupping); 747–48 (noting good benefit from acupuncture, that physical therapy was helpful, benefits for sleep and pain from Gabapentin, Salonpas and Icy Hot are effective); 770 ("significant relief" for left shoulder from steroid injection); 1329 ("near total resolution" of left shoulder pain with injection with ongoing symptoms in right shoulder); 1375 (periodic use of 600 milligrams of ibuprofen, rare use of Tylenol with Codeine, reported 0/10 pain in left shoulder after injection and 80% improvement in right shoulder). "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). *See also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a district court's denial of benefits, noting that the claimant's impairments were responsive to medication).

Finally, the ALJ found that the record showed relatively intact activities of daily living, AR 25–26, which is the only ground that Plaintiff challenges. *See* dkt. 8 at 11–13. But even if this were error, on balance, the ALJ's decision "remains supported, in spite of any error," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 n.4 (9th Cir. 2008), by the objective medical evidence and efficacy of conservative courses of treatment.

In sum, substantial evidence supported the ALJ's finding that Plaintiff's testimony was inconsistent with the objective and other evidence of record. Moreover, the Court need only find a modicum of evidence to support the ALJ's findings in a review for substantial evidence, *see Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019), and must affirm even if the record "is susceptible to more than one rational interpretation." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Feb. 28, 2018) (cleaned up). Here, the ALJ provided specific, clear and convincing reasons to find Plaintiff's subjective statements about the severity of her symptoms not entirely consistent with medical evidence and other evidence in the record. As such, the ALJ's decision must be affirmed.

**IT IS SO ORDERED.**

Dated: September 29, 2025

Alex G. Tse
United States Magistrate Judge